IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT PRESTON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1903-N-BN |
| | § | |
| JAMES W. MOSSBARGER and | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* remand this civil action to state court.

**Background**

On June 1, 2015, Defendant James W. Mossbarger – identified in Plaintiff Robert Preston, Jr.'s state petition as a warden within the Texas Department of Criminal Justice (the "TDCJ") – removed to federal court this action filed by Plaintiff in the 95th Judicial District Court of Dallas County, Texas. *See* Dkt. No. 1 (asserting that "[t]his Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as it appears on the face of Plaintiff's complaint that this cause of action arises under the Constitution and the laws of the United States").

The same day, Defendant Mossbarger moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the action is barred of limitations and that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 2. The next day, June 2, 2015, Defendant William Stephens filed a substantively similar motion to dismiss. *See* Dkt. No. 5.

On June 5, 2015, the Court entered an order questioning the propriety of removal because the removal papers, particularly Plaintiff's state petition, do not make it clear that there is subject matter jurisdiction. *See* Dkt. No. 6; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction). Removing defendants were ordered to file a written response no later than June 22, 2015, *see* Dkt. No. 6 at 8, and the Court ordered the pending motions to dismiss to be held in abeyance until the Court is satisfied that subject matter jurisdiction exists, *see* Dkt. No. 7.

Defendants timely responded. *See* Dkt. No. 8. And the undersigned now concludes that, because the state petition does not assert federal claims, federal question jurisdiction – the only basis for jurisdiction possibly at issue, *see* Dkt. No. 1 at 1-2 – is lacking. Because the Court lacks subject matter jurisdiction over this action, the Court should remand this case to the 95th Judicial District Court of Dallas County, Texas, the court from which it was removed.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. §

1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore


1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore

potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366). "When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). And "[t]he plaintiff is 'the master of her complaint,' and, as such, a determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (internal quotation marks omitted). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id.* (internal quotation marks omitted).

Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action," *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), which a plaintiff may do, "even when federal remedies might also exist," *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); *accord McLaren v. Railamerica, Inc.*, No. 3:01-cv-91-D, 2001 WL 366431, at *1 (N.D. Tex. Mar. 21, 2001) ("The well-pleaded complaint rule makes the plaintiff 'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" (quoting *Williams*, 482 U.S. at 392)). It makes no difference whether the state law cause of action may ultimately not be viable or that a federal law claim might be more likely to succeed – if a plaintiff files a petition in state court alleging wholly state claims in a non-preempted field, the viability of the plaintiff's state law claims is a matter for a Texas state court to decide. *See Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001); *see also Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 554 (5th Cir. 2008) ("Under the well-pleaded complaint rule, the availability of a federal claim does not deprive the Bernhards of the opportunity to plead state law claims that may ultimately have no merit. The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted."); *Hot-Hed*, 477 F.3d at 324 ("Even assuming *arguendo*, however, that Hot-Hed failed properly to allege a basis for attorneys' fees under state law, such a failure would not require that the claim be read as a request for relief available under federal law.").

When a plaintiff's pleadings set forth only state law claims, a federal district

court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard*, 523 F.3d at 551; *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides ... or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina*, 238 F.3d at 680 ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

## Analysis

The version of Plaintiff's state petition filed with the notice of removal [Dkt. No. 1-5 at 2-7] is difficult to read. But the undersigned's review of it has not revealed that Plaintiff mentions federal law or the United States Constitution. This, then, is like the circumstances presented in *Leach v. Indiana*, No. 1:07-cv-1376-DFH-JMS, 2007 WL 4256440 (S.D. Ind. Nov. 30, 2007), in which now-United States Circuit Judge David F. Hamilton explained: "Defendants contend in their removal papers that allegations of intentional or malicious conduct amount to allegations of violations of the Eighth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983, so that the case arises under federal law. [But t]he problem is that plaintiff's amended complaint does not mention federal law anywhere. The plaintiff is the master of his complaint. If he chooses to rely solely on state law, he may do so even if his allegations might also support a claim for relief under federal law." 2007 WL 4256440, at *1 (citations omitted). In *Leach*, Judge Hamilton further rejected any application of "the

'artful pleading' gloss on the well-pleaded complaint principle" and "field preemption" to justify the removal of claims defendants contended were actionable under Section 1983. *See, e.g., id.* at *2 ("Defendants have not cited, and the court is not aware of, any cases taking the extraordinary step of extending the field preemption doctrine to the Eighth Amendment and the treatment and protection of prisoners.").

In response to the Court's order on removal [Dkt. No. 6], Defendants do not argue that the state petition invokes federal law. Instead, like the removing defendants in *Leach*, they argue that Plaintiff's allegations support an Eighth Amendment violation. *See* Dkt. No. 8 at 2 ("Here, Plaintiff complains that his cellmate hit him in the back with a piece of glass, causing injuries; and that Defendant had a duty to provide care and safety, and failed to do so. Plaintiff is alleging that Defendant had a duty to provide him safety, and failed in that duty when Plaintiff's cellmate injured Plaintiff with a piece of glass. Thus, Plaintiff is alleging an Eight Amendment failure to protect from harm cause of action, and is alleging a question of federal law." (record citation omitted)).

The undersigned cannot accept Defendants' position because the same allegations could also simply support liability under state tort law. As such, it is far from clear that the allegations "necessarily raise a federal issue." *Bernhard*, 523 F.3d at 551.

Although Plaintiff cites neither state nor federal law in his petition, he chose to file that petition in state court. And Defendants' removal of the petition to federal court – under their theory that Plaintiff has alleged an Eighth Amendment violation –

abrogates any decision by Plaintiff to proceed under state tort law. Thus, allowing removal here would effectively "tak[e] the extraordinary step of extending the field preemption doctrine to the Eighth Amendment and the treatment and protection of prisoners." *Leach*, 2007 WL 4256440, at *2. And, in such a non-preempted field, the Court should not deprive Plaintiff, as master of his complaint, of the opportunity to pursue state law claims in an action he chose to file in state court – regardless of the merits of such claims. *See, e.g.*, *Bernhard*, 523 F.3d at 554.

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction over the action.

## Recommendation

The undersigned concludes that, because the state petition does not assert federal claims, federal question jurisdiction – the only basis for jurisdiction possibly at issue – is lacking. The Court accordingly lacks subject matter jurisdiction over this action and should remand the action to the 95th Judicial District Court of Dallas County, Texas, the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 8, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE